IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHAEL R. ZEIGLER,**

    **Plaintiff,**

vs.                                                            Case No. 4:11cv134-SPM/WCS

**FLORIDA PAROLE COMMISSION**
**REVOCATION SPECIALIST ERIKA DAVIS,**
**DEPARTMENT OF CORRECTIONS**
**SECRETARY WALTER A. MCNEIL,**
**and WARDEN D.A. ELLIS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's *in forma pauperis* motion, doc. 4, has been granted in a separate order. As Plaintiff is not being required to submit an initial partial filing fee based on the balance of his inmate bank account, the complaint may be reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint is against a parole revocation specialist employed by the Florida Parole Commission, the Secretary of the Department of Corrections, and the Warden of Gulf Correctional Institution where Plaintiff is housed. Doc. 1, p. 2. Plaintiff claims the Defendants have "denied Plaintiff of liberty without Due Process of law

therefore violating his rights." Doc. 1, p. 11. As relief, Plaintiff seeks a declaratory judgment, compensatory damages, and other incidental relief. *Id.*, at 11-12.

These allegations suggest that this case is in the nature of a habeas petition challenging Plaintiff's liberty, despite the request for monetary damages. Plaintiff's complaint explains that he previously was incarcerated but was released on conditional release supervision due to accumulated gain time in October of 2003. Doc. 1, p. 5. Plaintiff violated his release and was returned to the custody of the Department of Corrections on September 9, 2007. *Id.* Plaintiff's gain time was forfeited. *Id.*

Plaintiff requested that the Department of Corrections advise him as to his gain time because he had two fifteen year sentences that were running consecutively. *Id.*, at 5, Ex. A. When Plaintiff argued that he had lawfully completed one sentence and his release date had been unlawfully extended, he was advised that pursuant to <u>Evans v. Singletary</u>, 737 So. 2d 505 (Fla. 1999), a conditional release eligible sentence "is subject to supervision for a period equal to the gain-time applied to reduce the incarcerative portion of the sentence, and the gain time is subject to forfeiture if supervision is revoked." Doc. 1, p. 15 (Ex. B). Thus, Plaintiff was advised that 3,465 days of gain time was forfeited upon the revocation of his conditional release. *Id.*

Plaintiff grieved this issue administratively, and both the Warden and the Secretary's office denied his grievances based on <u>Evens</u>. *Id.*, at 6. Plaintiff contends the Department has violated the Separation of Powers doctrine because the agency refuses to carry out the sentence imposed by the court. *Id.*

Plaintiff then filed a habeas petition in state court in August, 2009. *Id.*, at 7. After requiring the Parole Commission to respond, the Circuit Court denied the petition,

relying on Evans, and upholding the Commission's decision. *Id.* Plaintiff contends the court "departed from the essential requirement of law without due process of law, by upholding the Florida Parole Commission decision." *Id.*

After that denial, Plaintiff filed a petition for writ of certiorari in the Florida First District Court of Appeal. *Id.*, at 7. After directing the Commission to respond, the District Court denied Plaintiff's petition for writ of certiorari "on the merits without a written opinion." *Id.*, at 7.

Plaintiff submitted another round of administrative grievances, which were also denied, and Plaintiff was advised that decisions of the Parole Commission were not appropriate topics to grieve in the Department's administrative grievance procedures. *Id.*, at 8. On January 14, 2011, Plaintiff filed another petition for writ of habeas corpus in the Circuit Court . *Id.*

Plaintiff asserts that the second state habeas petition was pending at the time this complaint was filed. *Id.* Plaintiff contends he "has no plain, adequate, or complete remdy [sic] at law to redress the wrong descried [sic] herein." *Id.* Plaintiff claims, in summary, that his sentence in case 90-19303 was completed on November 25, 2005, while Plaintiff was on supervised release, and the decision to forfeit gain time and extend his incarceration has violated his due process rights. *Id.*, at 9.

In the petition for writ of certiorari[1] with the First District Court of Appeal, Plaintiff sought a court order "to vacate the lower court's order denying him Habeas Corpus relief and remand the present case with instructions for the foregoing, that he be

---

[1] The petition for writ of certiorari was denied on the merits on September 27, 2010. Doc. 1, p. 80.

Case No. 4:11cv134-SPM/WCS

immediately released from the custody of the Respondent."  Doc. 1, pp. 46-51.  A civil rights case cannot be used to seek release from prison.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  As was the case in <u>Heck</u>, any monetary award in Plaintiff's favor "would necessarily imply the invalidity of" Plaintiff's current incarceration.  Any relief due Plaintiff is through habeas and, as he notes in the complaint, he currently has another habeas petition pending in state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**